**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| WILLIAM JERRY MATHEWS | CIVIL ACTION NO. 19-0210 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DALLAS ASSOCIATION OF CREDIT MANAGEMENT, INC. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

Before the Court is Defendant Dallas Association of Credit Management, Inc.'s ("Defendant") Motion to Dismiss or, Alternatively, Motion to Compel Arbitration. See Record Document 14. Plaintiff William Jerry Mathews ("Plaintiff") opposes the motion. See Record Document 16. Defendant seeks dismissal of all of Plaintiff's claims. For the reasons set forth below, Defendant's motion is hereby **GRANTED**.

**BACKGROUND**

On June 29, 2018, Plaintiff filed suit against Defendant in state court for wrongful discharge on the basis of age discrimination. See Record Document 7-1 at 7.[1] Plaintiff was employed by Defendant as a branch manager and customer service representative for collection on accounts until his termination in July of 2017. See Record Document 7-2 at 5. On August 27, 2018, Plaintiff filed a "Supplemental and Amending Petition for Damages" asserting additional claims against Defendant for defamation and invasion of privacy. See id. at 5–6. Plaintiff alleges that he sustained, *inter alia*, "[m]ental [p]ain and

---

[1] Plaintiff originally filed a Charge of Discrimination with the Equal Employment Opportunity Commission, from which he subsequently received a "right-to-sue" letter. See Record Document 14-1 at 2; Record Document 14-3.

[a]nguish;" "[l]oss of back-pay and benefits"; and "[l]oss of future earnings" as a result of Defendant's actions. See id. at 6.

Thereafter, Defendant removed the instant matter to this Court on the basis of diversity jurisdiction. See Record Document 7 at 3. Defendant now moves for an order compelling arbitration of Plaintiff's claims and to dismiss this action in its entirety or, in the alternative, to stay this matter pending arbitration. See Record Document 14-1 at 1–2. In support of its motion, Defendant asserts that Plaintiff expressly agreed to arbitrate all disputes related to his employment as provided for in the arbitration agreement, which Defendant maintains is valid and enforceable. See id. at 2–3.

**LAW AND ANALYSIS**

Section 2 of the Federal Arbitration Act ("FAA") states, in pertinent part:

> A written provision in a . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. If a district court is presented with a dispute "upon any issue referable to arbitration under an agreement in writing for such arbitration," the district court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." Id. § 3.

In determining whether a party may be compelled to arbitrate, a district court must employ a two-step analysis. See Jones v. Haliburton Co., 583 F.3d 228, 233–34 (5th Cir. 2009). First, the district court must determine whether the party has agreed to arbitrate the dispute. This question is subdivided into two parts: "(1) is there a valid agreement to

arbitrate the claims, and (2) does the dispute in question fall within the scope of that arbitration agreement." Id. at 234 (quoting Sherer v. Green Tree Servicing LLC, 548 F.3d 379, 381 (5th Cir. 2008)). If either question is answered in the negative, the party may not be compelled to arbitrate and may proceed with his claims in federal court. If, however, both questions are answered in the affirmative, the district court must consider whether "any federal statute or policy renders the claims nonarbitrable." Id. Because there is a strong federal policy favoring arbitration, the party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity. Carter v. Countrywide Credit Indus., Inc., 362 F.3d 294, 297 (5th Cir. 2004) "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25, 103 S. Ct. 927, 941 (1983).

In the instant matter, Plaintiff disputes neither the existence/validity of an arbitration agreement nor whether his claims fall within the scope of said agreement.[2] Instead, the only arguments Plaintiff asserts in his opposition to Defendant's motion relate to whether Plaintiff has sufficiently alleged a cause of action, in addition to whether Defendant's request for arbitration should be deemed waived. See Record Document 16 at 2–3.

---

[2] The Court notes that Title VII claims are arbitrable. See, e.g., Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 27, 111 S. Ct. 1647, 1652 (1991) (holding that nothing in the text or legislative history of the Age Discrimination in Employment Act precludes arbitration of such claims); see also Alford v. Dean Witter Reynolds, Inc., 939 F.2d 229, 230 (5th Cir. 1991); Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1313 (11th Cir. 2002).

Notwithstanding, the Court first determines on its own whether Plaintiff may be compelled to arbitrate the instant dispute.

Regarding the issue of whether there exists a valid arbitration agreement, the Court finds that Plaintiff clearly agreed to Defendant's arbitration policy, as evidenced by his signature of the Employee Handbook acknowledgement page, see Record Document 14-4 at 2, which expressly provides that all disputes "related to this employment will be settled by binding arbitration." Record Document 14-2 at 3. As to whether the instant dispute falls within the scope of the arbitration agreement, each of Plaintiff's claims, including his defamation, invasion of privacy, and age discrimination claims, are based upon facts which Plaintiff alleges occurred in the context of his employment with Defendant. See Record Document 7-2 at 5–6. Further, given the strong presumption of arbitration that applies, the Court finds that all of Plaintiff's claims sufficiently relate to his employment to be reasonably within the scope of the instant arbitration agreement.

Plaintiff's primary argument against arbitration is that Defendant has waived its right to arbitration because Defendant allegedly availed itself to written discovery but failed to respond to Plaintiff's discovery, to his prejudice. See Record Document 16 at 3–4. This argument is unavailing. A party waives its right to compel arbitration if it "(1) substantially invokes the judicial process and (2) thereby causes detriment or prejudice to the other party." Al Rushaid v. Nat'l Oilwell Varco, Inc., 757 F.3d 416, 421 (5th Cir. 2014) (quotations omitted). However, in light of the federal policy favoring arbitration, "[t]here is a strong presumption against finding a waiver of arbitration." Republic Ins. Co. v. PAICO Receivables, LLC, 383 F.3d 341, 344 (5th Cir. 2004).

Plaintiff relies heavily on the decision in Miller Brewing Co. v. Fort Worth Distrib. Co., Inc., 781 F.2d 494 (5th Cir. 1986), one of the few cases in which the Fifth Circuit found a party to have waived its arbitration rights. Plaintiff's reliance is misplaced, however, as the Court finds that case clearly distinguishable from the instant matter. In Miller, the court noted that the party seeking arbitration had sued in state court on the same claims it wished to arbitrate and, further, delayed taking any action to proceed to arbitration for over three years. See id. at 497; see also, e.g., Cooper v. WestEnd Capital Management, L.L.C., 832 F.3d 534, 542 (5th Cir. 2016) (distinguishing Miller). Here, in contrast, not only has there been a minimal amount of discovery conducted, but also the lack of any conduct by Defendant "demonstrat[ing] a clear and unmistakable 'disinclination' to arbitrate" similar to that displayed in Miller. Miller, 781 F.2d at 497. Accordingly, Defendant has not waived its right to arbitration.

## CONCLUSION

All claims asserted by Plaintiff in his complaint relate to the alleged employment contract and are subject to the mandatory arbitration provision contained therein. Having found no reason why the arbitration provision should not be enforced, Plaintiff shall be compelled to arbitrate and all claims in this matter shall be dismissed with prejudice. See Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992) (recognizing that where all issues are arbitrable and must be submitted to arbitration, the proper course of action is to dismiss rather than stay the action). Accordingly, based on the foregoing reasons, Defendant's Motion to Dismiss or, Alternatively, Motion to Compel Arbitration (Record Document 14) is **GRANTED** and all of Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19th day of February, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT